IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON L. MARKS, AKO-969,           )<br>             )<br>         Plaintiff(s),           )<br>             )<br>   vs.          )<br>             )<br> RICHARD AHERN, Sheriff, et al.,  )<br>             )<br>         Defendant(s).          )<br> _____)  | No. C 11-4303 CRB (PR)<br><br>ORDER OF DISMISSAL WITH<br>LEAVE TO AMEND |

Plaintiff, a prisoner at the Alameda County Jail, Santa Rita Facility, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that when he arrived at the jail on June 6, 2011, he requested a Hepatitis C diet and a liver biopsy. He received a Hepatitis C diet about a month later but, as of August 23, 2011, he had not received a liver biopsy to see how his Hepatitis C was doing. Plaintiff requests an order compelling defendants to grant him a liver biopsy.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976).[1]  A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's allegations will be dismissed with leave to amend to allege specific facts possibly showing that defendants were deliberately indifferent because they knew that he faced a substantial risk of serious harm and disregarded the risk. It is not enough that defendants were negligent or even grossly negligent. See id. at 835-36 & n.4. Nor is it enough that plaintiff and medical authorities disagree as to treatment. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

---

[1] Although a pretrial detainee's claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED:  Feb. 21, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.11\Marks, R.11-4303.dwlta.wpd

3